ALTON C. ABBOTT, Applt. from decree of Judge of Probate.

Knox.    Opinion January 9, 1903.

*Probate.    Right of Appeal.    Pleading.    R. S., c. 63, § 23.*

The right of appeal from any decree or order of the probate court is conferred by statute, and is, therefore, conditioned upon a compliance with all its requirements.

No person has the right of appeal unless he has a pecuniary interest in the subject matter of the decision or decree by which he claims to be aggrieved.

In order to establish by proof, if denied, such interest as entitles the appellant to appeal, it must be alleged in his petition or reasons of appeal.

The statement that he is interested as brother in the estate of the deceased is not a sufficient averment of legal interest, as there may be classes of nearer kindred entitled to the whole estate.

*Held;* that the court under this allegation had no authority to consider the merits of the case, and the appeal in this case should be dismissed, because the record of the proceedings fails to show that the appellant has the right of appeal.

Exceptions by appellee.    Overruled.    Appeal dismissed.

Motions by the appellee to dismiss an appeal taken by the appellant from a decree of the Judge of Probate granting an allowance to the widow of C. B. Abbott, deceased.

The case is stated in the opinion.

*J. H. Montgomery,* for appellant.

*R. I. Thompson and E. K. Gould,* for appellee.

SITTING:   WISWELL, C. J., EMERY, STROUT, PEABODY, SPEAR, JJ.

PEABODY, J.    This case is on exceptions by the appellee, Hattie N. Abbott, to the ruling pro forma of the presiding justice overruling two motions to dismiss the appellant's appeal from a decree of the judge of probate for the County of Knox, granting her an allowance as widow of Calvin B. Abbott, deceased.

I.    The ground of the first motion is that the appeal recited that

the appellant, Alton C. Abbott, appealed from said decree of the Probate Court "To the Supreme Judicial Court, being the Supreme Court of Probate, to be held at Rockland within and for the County of Knox, on the third day of September, A. D. 1901." There is no term of said court held on the third day of September, but the term of said court at which the appeal, if valid, was cognizable was held on the third Tuesday of September.

II.    The ground of the second motion for dismissal is, that neither the appeal nor the reasons of appeal show any right of appeal on the part of the appellant, and that they are, therefore, insufficient in law.

We think it unnecessary to decide the technical point presented in the first motion.    The appellee was in court, and seasonably made the second motion, and the conclusion we reach upon the question thereby raised is decisive of the case.

The statute provides with reference to appeals from decrees of the Probate Court as follows :

"Any person aggrieved by an order, sentence, decree or denial of such judge    .    .    .    .    may appeal therefrom to the Supreme Court to be held within the county, if he claims his appeal within twenty days from the date of the proceeding appealed from." R. S., c. 63, § 23.

The right of appeal from any decree or order of the Probate Court is conferred by statute and is therefore conditioned upon a compliance with all its requirements. *Bartlett, Appellant,* 82 Maine, 210; *Moore* v. *Phillips,* 94 Maine, 421; 2 Woerner's Am. Law of Adm. § 543.

No person has the right of appeal unless he has a pecuniary interest in the subject matter of the decision or decree by which he claims to be aggrieved.    This interest must be shown or the appeal will be dismissed. *Briard* v. *Goodale,* 86 Maine, 100, 41 Am. St. Rep. 526; *Pettingill* v. *Pettingill,* 60 Maine, 411; *Deering* v. *Adams,* 34 Maine, 41; *Norton's Appeal,* 46 Conn. 527; *Cecil* v. *Cecil,* 19 Maryland, 72, 81 Am. Dec. 626; 2 Woerner's Am. Law of Adm. § 544.

In order to establish by proof, if denied, such interest as entitled

him to appeal, it must be alleged in his petition or motion claiming an appeal. *Zumwalt* v. *Zumwalt*, 3 Mo. 265; *Jenks* v. *Howland*, 3 Gray, 536; *Briard* v. *Goodale*, 86 Maine, 100, 41 Am. St. Rep. 526.

In *Deming's Appeal*, 34 Conn. 201, it is held that the interest of the appellant must either appear on the face of the proceedings in the Probate Court, or it must be averred in the notice of appeal.

In *Veazie Bank* v. *Young*, 53 Maine, 555, BARROWS, J., says: "It is the duty of every appellant from a decree of a Probate Judge, as the preliminary proceeding, to establish his interest in the subject matter of the decree from which he claims an appeal."

The appellant has not, either in his reasons of appeal or notice, affirmatively alleged such facts as if proved would show that he is aggrieved within the meaning of the statute as construed by the decided cases. In his reasons of appeal he states that "any allowance is an injury to the balance of the estate," but he does not show that he is interested in the estate. In his notice of appeal he states that "he is interested as brother in the estate" of the deceased, but this is not a sufficient averment of a legal interest, as there may be several classes of nearer kindred.

At the hearing on the appeal the appellant offered to show that he was an heir to the estate, but the presiding justice upon this motion to dismiss properly declined to consider evidence affecting the validity of the decree of the judge of probate. The court had no authority under the allegation to proceed to consider the merits of the case. The appeal should be dismissed because the record of the proceedings fails to show that the appellant has the right of appeal. *Moore* v. *Phillips*, 94 Maine, 421; *Briard* v. *Goodale*, 86 Maine, 100, 41 Am. St. Rep. 526, supra; *Gray* v. *Gardner*, 81 Maine, 554; 2 Woerner's Law of Adm. § 544.

We do not decide whether the reasons of appeal might be amended, in accordance with the reasoning of the court in *Smith* v. *Chaney*, 93 Maine, 214, for that question is not presented. No amendment was offered.

*Exceptions to ruling on the second motion sustained.*
*Appeal dismissed with costs for appellee.*