FRED W. SPROWL, Appellant, *vs.* CHARLES L. RANDELL.

Lincoln.    Opinion September 30, 1911.

*Courts. Probate Courts. Right of Appeal. Statute 1881, chapter 90. Revised Statutes, chapter 65, sections 28-33, 34; chapter 89, section 7.*

Neither Revised Statutes, chapter 65, sections 28-33, nor Revised Statutes, chapter 89, section 7, gives a right of appeal to an executor or an administrator of one aggrieved in his lifetime by an order of a judge of probate.

Under Revised Statutes, chapter 65, section 34, providing that any person claiming under an heir at law shall have the same rights as the heir in all proceedings in the probate court, including rights of appeal, an executor or administrator of a deceased heir at law has the same rights of appeal that the heir at law would have if living.

On exceptions by defendant.    Overruled.

Probate appeal.    (This cause has already been before the Law Court and is reported in 107 Maine, 274, under the title *Benjamin E. Sproul, Petitioner*, v. *Charles L. Randell et als.*, and under which said title it was sent to the Law Court, and the name of the deceased testate, Adelia E. Sprowl, was stated and given in the record as Adelia R. Sproul.)

The case is stated in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*Rodney I. Thompson, and W. H. Miller*, for defendant.

SITTING :   SAVAGE,  SPEAR,  CORNISH,  BIRD,  HALEY,  JJ.

BIRD, J.   This cause has already been before this court upon exceptions to the action of the Supreme Court of Probate in overruling the motion of defendant to dismiss the petition of the present appellant's intestate for leave to enter an appeal from the decree of the Judge of Probate of Lincoln County admitting to probate the will of Adelia E. Sprowl (Sproul) whose heir-at-law intestate was, 107 Maine, 274.   Pending the consideration of the exceptions, intestate died.   The exceptions having been overruled by this court the appellant filed his appeal and reasons of appeal in the Probate Court at its term held on the first Tuesday of December, 1910, returnable at the April term, 1911, of the Supreme Court of Probate for said county.   In the appeal he states that appellant was duly appointed administrator of the estate of Benjamin E. Sprowl, late of Waldoborough, deceased, and alleges that he, as such administrator and as representing Benjamin E. Sprowl, is aggrieved by the decree of the Judge of Probate allowing the will and appointing the appellee executor.   Upon the entry of the appeal in the Supreme Court of Probate, the appellee moved its dismissal for the following reasons :

1.   Because neither said appeal nor reasons of appeal show any right of appeal and are insufficient in law.

2.   Because neither said appeal nor reasons of appeal show that Fred W. Sprowl has any right of appeal.

3.   Because neither said appeal nor reasons of appeal show that said appeal was seasonably taken.

The appellee states the question really raised to be the construction of section thirty-four of chapter sixty-five of the Revised Statutes.

The appellant claims that he has a right of appeal under the general provisions found in R. S., c. 65, §§ 28-33 and c. 89, § 7 and, if not, that such right is certainly his by virtue of R. S., c. 65, § 34.

We must conclude that appellant has no right of appeal under the general provisions above referred to either alone or in connec-

tion with R. S., c. 89, § 7. The right of appeal from any decree or order of the probate court is conferred by statute only, can extend no further than the statute provides, and must be affirmatively alleged and established by the case presented: *Abbott, Appellant,* 97 Maine, 278 ; *Hayford* v. *Bangor,* 103 Maine, 434, 438 ; *Briard* v. *Goodale,* 86 Maine, 100 ; *Pettingill* v. *Pettingill,* 60 Maine, 411, 419. In sections 28-33, c. 65, R. S., is found no provision for the taking of an appeal by an executor or administrator of a person aggrieved and R. S., c. 89, § 7, providing for the prosecution and defense by executor or administrator of certain actions pending or commenced during the life of the testator or intestate, is, in the case of appeal, strictly limited to those which have been made. A petition for leave to enter an appeal, even if granted, cannot be held to be an appeal made or taken. In the case under consideration the intestate, Benjamin E. Sprowl, was the person aggrieved, not his administrator.

Has the appellant the right which he asserts under R. S., c. 65, § 34? This provision was originally enacted as follows : "Any person claiming under an heir-at-law shall have the same rights in all proceedings in probate courts, including rights of appeal, that the heir may have." Pub. Laws 1881, c. 90. The appellee apparently confines the application of this provision to the heirs of an heir-at-law but we think the construction too narrow. As the real estate of a deceased person descends or passes to his heirs-at-law, so his personal assets descend or pass to his executor or administrator ; *Strout* v. *Lord,* 103 Maine, 410, 415 ; *Hemmenway* v. *Lynde,* 79 Maine, 299, 301 ; they vest immediately in the executor or administrator ; *Dalton* v. *Dalton,* 51 Maine, 170, 172-3 : and it has been held that the administrator represents the person of his intestate in relation to his personal estate ; *M' Vaughters* v. *Elder,* 2 Brev. (S. C.) 307, 313. Such being the case, the administrator is certainly as much one who claims under the heir-at-law as an assignee of the heir-at-law ; *Stilphen, Appellant,* 100 Maine, 146, 148. The interest of the deceased heir goes to his administrator, not to his heirs : *Storer* v. *Blake,* 31 Maine, 289. If, under this provision, the heir (or his assignee) of the heir-at-law alone may

appeal, the administrator who is in possession of and responsible for all the goods and chattels, rights and credits of his intestate is without remedy, if the heir or his assignee refuses to act.    As representatives of the same estate, we should have the administrator prosecuting an appeal made by the deceased heir and an heir prosecuting another which the deceased had not made.    If success attended the latter, the fruits of the appeal would immediately pass to the administrator of the deceased heir and not to his successful heir—the appellant. The administrator is directly affected in his pecuniary interest, the heir but indirectly.    The construction we give it, renders section thirty-four of chapter 65, R. S., in harmony with the other provision of statute as interpreted by prior adjudications; *Downing, Appellant* v. *Porter,* 9 Mass. 385 ; *Veazie Bank* v. *Young,* 53 Maine, 555, 560 ; *Grant* v. *Bodwell,* 78 Maine, 462 ; *Stilphen, Appellant,* ubi supra.

The deceased intestate, Benjamin E. Sprowl, upon the decision of the Law Court above referred to would, if living, have had the right to enter his appeal and prosecute it to conclusion.    His administrator, as one claiming under him, has the same right as his intestate to do so.

Notice is called to the fact that the appeal alleges that the appellant is aggrieved, but it is fairly inferable from the other facts stated that his intestate was aggrieved and that the appellant prosecutes the appeal as his administrator.

*Exceptions overruled.*