JOSEPHINE S. SWAN, et als.,

Appellants from Decree of the Judge of Probate.

Penobscot.    Opinion December 23, 1916.

*Appeal from the allowance of a commission to an administrator or executor. Revised Statutes, Chapter 65, Section 28, as amended by Chapter 49, Public Laws of 1913, interpreted. Revised Statutes Chapter 65, Section 37, interpreted. Discretionary power of Judge of Probate in granting an allowance of commissions. Right of review of allowance of Judge of Probate. Necessary allegations in "an appeal and reasons of appeal" where party claims to be "aggrieved" by the decree. Persons "aggrieved" under the Statute giving the right to appeal to Supreme Court of Probate.*

Where the account of an executrix correctly shows the amount she has actually paid the appellants on their claim against the estate, an appeal from the allowance of the account will not be sustained on the alleged ground that a larger sum ought to have been paid on said claim. If that grievance exists in fact, it is to be redressed by suit against the estate, and not by an appeal from the allowance of the account of the executrix.

The exercise by the Judge of Probate of the discretion conferred upon him by R. S. chap. 65, sec. 37, respecting the allowance of a commission to executors, administrators, guardians surviving partners and trustees, is not conclusive but is reviewable on appeal to the Supreme Court of Probate.

Creditors of an estate in process of settlement in the Probate Court are interested in a decree of the Judge of Probate allowing a commission to the executrix, if such estate is insolvent or is rendered insolvent by such allowance. And if the amount of the commission is excessive, the creditors are thereby aggrieved.

Where one reason of the appeal was that the Judge of Probate had allowed the executrix a commission in excess of what should have been allowed, a ruling by the Supreme Court of Probate dismissing the appeal without a hearing on that question is reversible error.

The appellants alleged in their appeal and reasons of appeal that they were "aggrieved" by the decree of the Judge of Probate allowing the executrix a commission of five per cent on an amount, which amount was in excess of the amount on which the commission should have been allowed. It was not affirmatively alleged that the estate was insolvent, or that it became so on account of the allowance of the commission. But it did appear in the appeal proceedings that the appellants' debt was a "priority claim"; that one item in the account allowed was for travel and attendance at the probate court "to represent the estate insolvent"; and reference was made to "the report of the commissioners, who were appointed to pass upon the claims of the estate of Edward T. Spencer." *Held;*

1. That in view of the allegations in the appeal proceedings the Supreme Court of Probate might have found, if the matter had been called to its attention, that it was sufficiently established by the appeal proceedings that the estate was in fact insolvent; or might have permitted the appellants to make proof of that fact under their appeal as it was, as was permitted in *Danby* v. *Dawes,* 81 Maine, 30; or might have allowed the appellants to amend their appeal by stating the fact that the estate was insolvent, thus showing their interest in the decree appealed from, as was done in *Smith* v. *Bradstreet,* 16 Pick., 264.

2. Where no objection is made before the Supreme Court of Probate, that it does not appear affirmatively in the appeal and reasons of appeal that the appellants are in fact aggrieved, when the appellants could have made proof of the fact or asked to be allowed to amend, and where the appeal was dismissed in the Supreme Court of Probate on the motion of the appellee which contained no suggestion that the appellants had not sufficiently alleged or established their right to appeal as parties "aggrieved" by the decree, *held,* that the appellee should not now be permitted to interpose this objection to the appellants' right to be heard in the appellate court on the merits of their appeal.

Appeal from the ruling of Judge of Probate, Penobscot county, State of Maine. At Supreme Court of Probate, appellee filed motion to have appeal dismissed. Motion was sustained, and the Justice presiding ordered appeal dismissed; to which ruling appellant filed exceptions. Exceptions sustained. Case remanded to the Supreme Judicial Court of Probate for hearing on the matter of the allowance to the executrix of the commission of five per cent on the $40,729.50, as complained of in the appeal.

Case stated in opinion.

*Hudson & Hudson,* for appellants.

*W. H. Powell,* for appellee.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, MADIGAN, JJ.

KING, J. From the decree of the Judge of Probate of Penobscot county allowing the final account of Mary E. Spencer, executrix of the will of Edward T. Spencer, the appellants seasonably took an appeal to the Supreme Court of Probate. They state in their appeal that they are interested as creditors of said estate, and that they are aggrieved by said decree. They allege the reasons of their appeal to be, in substance: (1) that said account so allowed contained an item of $6,468.10 paid by the executrix to the Sterns Lumber Co., which sum, as they contend, is less than half the amount of said claim, and (2) that in said account the executrix was allowed a commission of five per cent on $40,729.50, which they claim is in excess of what ought to have been allowed.

In the Supreme Court of Probate the executrix filed a motion to dismiss the appeal for two reasons: (1) that the first matter complained of "is not a proper matter for hearing in these proceedings," and (2) that the matter of the allowance of a commission to the executrix is wholly within the discretion of the Judge of Probate, "from which no appeal lies." That motion was sustained and the appeal dismissed.

1. The record before us is somewhat imperfect. The copy of the account sent up does not show that it was allowed by the Judge of Probate. It is alleged, however, in the appeal that a decree was made allowing the account, and we think the allegations in the appeal

must be taken to be true on a motion to dismiss the appeal. Furthermore, the appellants in their brief state that the decree was made, and no suggestion to the contrary is raised. We shall, therefore, consider it admitted that the decree appealed from was in fact made.

2. It seems clear that the appellants have no sustainable ground for their complaint that the account allowed contains the item of $6,468.10 paid to the Sterns Lumber Company by the executrix. No suggestion is made that the sum was not in fact properly so paid on a legal claim against the estate. It was therefore a proper charge in the account of the executrix. The appellants' grievance in this particular seems to be that the executrix has not paid them as much as they claim they are entitled to be paid from the estate. If that grievance exists in fact, it is to be redressed by suit, and not by an appeal from the allowance of the account of the executrix because it does not show that they have been paid what they claim is still due them.

3. It is true that the allowance of a commission to an executrix is a matter within the discretion of the Judge of Probate, R. S., c. 65, sec. 37. But the exercise of that discretion is not final. It is reviewable on appeal. The statute expressly provides that the Supreme Court of Probate has appellate jurisdiction "in all matters determinable by the several Judges of Probate, and any person aggrieved by any order, sentence, decree, or denial of such judges, except the appointment of a special administrator, and from any order or decree requiring any administrator, executor, guardian or trustee to give an additional or new official bond, may appeal therefrom to the supreme court," etc. R. S., c. 65, sec. 28, as amended by chapter 49, Public Laws of 1913. The appellants were not bound by the determination of the Judge of Probate as to the amount of commission which the executrix should receive. If aggrieved by his decree in that matter they were entitled to appeal to the Supreme Court of Probate and have the judgment of that appellate court as to the amount of commission, if any, which should be allowed. That was their statutory right and they were deprived of it by the ruling dismissing their appeal without a hearing in the Supreme Court of Probate as to this matter of the allowance of commission. That ruling therefore must be held to be reversible error.

4. In claiming their appeal the appellants described themselves as creditors of the estate of Edward T. Spencer, and alleged that they are aggrieved by the decree of the Judge of Probate allowing the final account of the executrix in said estate. They state as the reasons of their appeal that the court erred in the allowance of that account in the two particulars which we have hereinabove mentioned and considered, that is, because the account contained the item of $6,468.10 paid the Sterns Lumber Company, and because there was allowed in the account a commission to the executrix of five per cent on $40,729.50.

It is now urged in the brief of the appellee that the appellants have not affirmatively alleged in their appeal and reasons of appeal sufficient facts to show that they are "aggrieved" by the decree. In other words, it is claimed that the mere allegation that the appellants are interested in the estate as creditors, and are aggrieved by the decree, is not sufficient to establish their rights to appeal, but that there should have been other averments in their appeal and reasons of appeal showing that the decree allowing the account so diminishes the estate that their claim against it is thereby impaired.

The persons indicated by the statute under the term "aggrieved" are those only who have enforceable rights, and whose pecuniary interest might be established or divested wholly or in part by the decree appealed from. *Briard* v. *Goodale,* 86 Maine, 100. It is true, therefore, that the appellants as creditors of the Spencer estate are not "aggrieved" by the allowance of the commission to the executrix thereof unless the estate was or thereby became insolvent. And it is not affirmatively alleged in the appeal that the estate was insolvent. But is that sufficient ground for sustaining the ruling dismissing the appeal in this case? In the absence of anything to show the contrary it must be assumed that the dismissal of the appeal was made on the grounds specifically stated in the motion to dismiss, and that contains no suggestion that the appellants had not sufficiently established their right to appeal as parties "aggrieved" by the decree, if it was erroneous. And we do not think it can be now held as a matter of law that the appeal should have been dismissed on that ground if the point had then been made. It must

be conceded that if it had been alleged in the appeal that the estate was insolvent that would have been sufficient, under the motion to dismiss, to show that the appellants' claim against the estate was impaired by the decree appealed from. But it is alleged in the appeal that the claim of the Sterns Lumber Company on which the $6,468.10 was paid was a "priority claim." And in the account itself, from the allowance of which the appeal was taken and which forms a part of the record of the appeal, there is an item allowed for travel and attendance at the probate court "to represent the estate insolvent." Reference was also made in the appeal proceedings "to the report of commissioners who were appointed to pass upon the claims of the estate of Edward T. Spencer." In view of these allegations we think the Supreme Court of Probate might have found that it was sufficiently established by the appeal proceedings that the estate was in fact insolvent; or might have permitted the appellants to make proof of that fact under their appeal as it was, as was permitted in *Danby* v. *Dawes,* 81 Maine, 30; or might have allowed the appellants to amend their claim of appeal by stating the fact that the estate was insolvent, thus showing their interest in the decree appealed from, as was done in *Smith* v. *Bradstreet,* 16 Pick., 264. And it may be added that the estate was in fact represented insolvent, for it clearly so appears in the brief for the appellee.

This contention, that the ruling dismissing the appeal should be sustained on the ground that the appellants had not sufficiently alleged that the estate was insolvent, should not now prevail we think. It is a technicality, and technicalities are not favored in such proceedings. As this objection was not raised before the Supreme Court of Probate when the appellants could have presented proof of the fact, it should not now be permitted to deprive them of their right to be heard before the appellate court on the merits of their appeal.

The court is therefore of the opinion that the exceptions must be sustained and the case remanded to the Supreme Court of Probate for hearing on the matter of the allowance to the executrix of the commission of five per cent on the $40,729.60, as complained of in the appeal.

*So ordered.*