## LUCY M. FRENCH, APPELLANT

### FROM DECREE OF JUDGE OF PROBATE IN THE MATTER

### OF ESTATE OF EBEN P. FRENCH.

Penobscot.     Opinion, January 29, 1936.

Arthur L. Thayer, for appellant.
Howard Cook, for appellee.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.    On exceptions by appellant.

The appellant, Lucy M. French, excepts to a decree of a Justice of the Superior Court, sitting as Supreme Court of Probate, whereby her appeal from the decree of the Judge of Probate (by which Annie French, widow of Eben P. French, late of Levant, was granted from his estate a widow's allowance of $659.00), was dismissed. The French estate inventoried $1,659.00, goods and chattels being valued at $659.00 and real estate $1000.00.

In her appeal, Lucy M. French alleges that she is "interested as a creditor." Her first duty is to establish her right to appeal and "unless this is made affirmatively to appear, the appeal will be dismissed without further examination." Pettingill v. Pettingill, 60 Me., 411, 419; Deering et al., Aplts. v. Adams, 34 Me., 41.

". . . any person aggrieved by any order, sentence, decree, or denial of such judges, . . . may appeal therefrom to the Supreme Court of Probate . . . ." R. S. 1930, Chap. 75, Sec. 31.

The right to appeal is statutory and there must be compliance with all the requirements of the statute. Bartlett, et al., Appellant, 82 Me., 210, 19 A., 170; Briard, Applt. v. Goodale, Gdn., 86 Me., 100, 29 A., 946; Moore, Aplt. v. Phillips et al., 94 Me., 421, 47 A., 913; Abbott, Appellant, 97 Me., 278, 54 A., 755.

Within the meaning of the statute only those are aggrieved "who have rights, which may be enforced at law, and whose pecuniary interest might be established or divested wholly or in part by

the decree," appealed from. *Briard* v. *Goodale*, supra; *Abbott, Appellant*, supra; *Swan, et als., Appellants*, 115 Me., 501, 99 A., 449.

Here, factual proof is lacking to show that the appellant is aggrieved as a creditor of this estate. In the appeal appears no allegation of insolvency of the estate, nor does the record even tend to prove such to be the fact. The total amount of the estate in personal and real property, as above stated, is one thousand six hundred and fifty-nine dollars ($1,659.00). Its total indebtedness, including the debt of the appellant but exclusive of expenses of administration, is only two hundred eighty-five dollars and ninety-two cents ($285.92). While the widow's allowance exhausts the personal estate, on special license for sale therefor, the real estate is available for payment of this indebtedness. R. S. 1930, Chap. 85, Sec. 1, § I.

Thus it is apparent that the widow may receive her allowance in full and yet there remain a sufficiency of the estate from which this creditor, the appellant, may be paid in full. Consequently, she is not aggrieved by the decree from which she appealed.

True, the evidence shows that the appellant is the mother of a minor child, a grandchild and heir at law of the intestate. As mother she might have appealed as the next friend of the child (*Moore* v. *Phillips*, 94 Me., 421), but she did not. This appeal, both in form and substance, was her own as creditor only, not that of the child.

For failure both of allegation and establishment of the required statutory aggrievance, the entry must be,

*Exceptions overruled.*