THERESA CANTILLON, ALIAS, APPELLANT
IN ESTATE OF JANE E. OWEN

*vs.*

THOMAS B. WALKER ET AL., EXECUTORS UNDER WILL OF
JANE E. OWEN

York.   Opinion, February 19, 1951.

*William P. Donahue,* for appellant.

*Waterhouse, Spencer and Carroll,* for appellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. Under the will of Jane E. Owen, the appellant, Theresa Cantillon, was bequeathed the sum of $5,000 "if she is in my employ at the time of my decease and also in the event that she shall have left my employ through no fault of her own." From the allowance by the Probate Court of the first and final account of the executors in May 1949, the appellant appealed and here presents exceptions to the dismissal of the appeal in the Supreme Court of Probate upon the granting of a motion to dismiss made by the executors.

The issue is whether the appellant is a "person aggrieved" by the decree of the Probate Court, and hence entitled to appeal under *R. S., Chap. 140, Sec. 32.* The necessity that the appellant establish her right to appeal and the meaning of "aggrieved" in the statute are set forth in *Lucy M. French, Appellant,* 134 Me. 140, 183 A. 130, and cases cited.

The final account shows: (1) the payment of expenses, debts, and legacies (but not the legacy of the appellant); (2) the transfer of all remaining assets of the estate valued at $387,280.14 to the executors in their capacities as trustees of the residue of the estate; and (3) no balance remaining in the hands of the executors. The objection of the

appellant relates to the transfer of the balance of the estate to the trustees.

The appellant left the employ of the testatrix before her decease. Did she leave "my employ through no fault of her own"? Here lies the real dispute between the appellant and the executors. In not paying the legacy, and in seeking and obtaining the allowance of the account, the executors have shown that in their opinion the appellant did not meet the condition stated in the will. From the appeal it is equally clear that the appellant is of the view that she is entitled to payment. This question, however, is not the issue in the present appeal.

The executors correctly urge that by the decree of the Probate Court the appellant in no way has been deprived of action against them or the surety on their bond for the purpose of establishing her claim and securing its payment. The fact remains, however, that the Probate Court has stamped with its approval the transfer of the residue of the estate, leaving no assets whatsoever in the hands of the executors. The estate, if the allowance of the account is given effect, is insolvent against the claim of the appellant if valid.

The item of transfer of assets in the value of $387,280.14 was improperly included in the account. The Probate Court was not settling an account between the executors and the residuary legatees, but an account of the executors with the estate. The distribution of the balance of the estate was not before the court. The executors were not entitled to a credit for payment of the balance of the estate. In an analogous situation our court has said: "The conclusion is inevitable, that the decree appealed from, assumed to adjudicate and determine matters clearly outside the jurisdiction of the Probate Court, and hence must be annulled." *Hanscom* v. *Marston*, 82 Me. 288 at 297, 19 A. 460 at 461.

In the *Hanscom* case Justice, later Chief Justice, Emery discussed at length the nature of an executor's account. Changes in the jurisdiction of the Probate Court subsequent to the decision do not affect the force of the statement quoted. See *Stilphen, Appellant,* 100 Me. 146, 60 A. 888.

If the complaint here was that by allowance of expenses of administration or of debts, the estate thereby was or became insolvent, the appellant would have the right to appeal. See *Swan et als., Appellants,* 115 Me. 501, 99 A. 449, and *Lucy M. French, Appellant, supra,* involving creditors.

The legatee of a specific or general legacy has a claim against the estate in preference to those entitled to the residue. *Holt* v. *Libby,* 80 Me. 329, 14 A. 201; *Hanscom* v. *Marston, supra.* Surely the legatee whose claim is disputed by the executors has an interest in preventing the distribution of the entire balance of the estate from which his claim, if valid, should be paid.

That the allowance of the account neither deprives the appellant of rights against, nor protects, the executors and the surety on the bond does not answer the problem raised. The right to appeal does not depend upon the financial responsibility of the executors and the surety on their bond to meet the claim of appellant. In this instance the responsibility is unquestioned. Executors are, however, often appointed without bond, and executors and bondsmen do not always meet their obligations.

The appellant will best be protected by requiring that the executors retain in the estate assets sufficient to cover her claim. Appellant is "aggrieved" within the meaning of the statute by a decree of the Probate Court allowing an account which, although it is unauthorized and ineffective, nevertheless in terms deprives the appellant of the protection to which she is entitled.

The case is not before us on its merits but upon a motion to dismiss. With the sustaining of the exceptions the case will come forward for hearing of the appeal in the Supreme Court of Probate.

If no facts beyond the present record appear, the error complained of may be corrected by striking from the account the credit of $387,280.14 arising from the transfer of assets to the trustees, with a corresponding change in the balance remaining in the hands of the executors.

With these changes, the account allowed by the Probate Court will disclose sufficient assets in the possession of the executors with which to meet the claim of the appellant if and when found to be valid.

*Exceptions sustained.*