EMMA E. WATTRICH, APPELLANT
*vs.*
MURRAY W. BLAKNEY, APPELLEE

Penobscot.   Opinion, October 31, 1955.

290

*Oscar Walker*, for Appellant.

*Albert C. Blanchard*, for Appellee.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MR. JUSTICE TIRRELL sat at time of argument and took part in conferences but died before writing of opinion.

TAPLEY, J. On exceptions. Murray W. Blakney, the appellee, on the twenty-fifth day of April, A. D. 1950, was adjudged by the Judge of Probate for the County of Penobscot to be incompetent to manage his own affairs. Emma E. Wattrich, the appellant and sister of Murray W. Blakney, was appointed as his guardian. On March 24, 1954 the appellee filed a petition in the Probate Court for the County of Penobscot representing that he was capable of managing his own affairs and that a guardian was no longer necessary. The Judge of Probate found in favor of Murray W. Blakney, decreeing that Emma E. Wattrich be dismissed as guardian of Murray W. Blakney. Emma E. Wattrich appealed from the order and decree of the Judge of Probate to the Superior Court sitting as Supreme Court of Probate. The appellee, Blakney, filed a motion to dismiss the appeal

before the Supreme Court of Probate. This motion to dismiss was sustained and the appeal dismissed, to which rulings the appellant took exceptions.

The issues are twofold: (1) Has the guardian according to the record in this case a right of appeal? (2) In the light of the pleadings, is the appellant by virtue of being a sister of the appellee, as well as his guardian, entitled to appeal from the order and decree of the Judge of the Probate Court?

The appellee, Mr. Murray W. Blakney, saw fit to petition the Judge of Probate to dismiss his guardian, the appellant, Emma E. Wattrich. This procedure was taken under authority of provisions of Sec. 29, Chap. 158, R. S., 1954:

> **Disability of adults under guardianship; dismissal of guardian.** When a person over 21 years of age is under guardianship, he is incapable of disposing of his property otherwise than by his last will or of making any contract, notwithstanding the death, resignation or removal of the guardian. When, on application of any such person or otherwise, the judge finds that a guardian is no longer necessary, he shall order the remaining property of the ward to be restored to him, except a legal compensation to the guardian for his services.

It is important to note that the ward was not requesting the removal of his guardian but her dismissal. There is a marked difference between removal and dismissal, as in the former the action is taken against a guardian because of some circumstance relating to the malfeasance or other illegal actions of the guardian, while a request for a dismissal is based only on the fact that the original reasons for the appointment of a guardian no longer exist and the ward is capable of managing his own affairs. This case comes within the latter category—that of dismissal.

A hearing was had before the Judge of Probate on this petition for dismissal of guardian and the Judge of Pro-

bate, after hearing, decreed "that said Emma E. Wattrich be, and is hereby, dismissed from her said office and trust of guardian of said ward and that the remaining property of said petitioner be restored to him except a legal compensation to said Guardian for her services."

To this decree an appeal was taken by the appellant to the Supreme Court of Probate.

The Supreme Court of Probate is a creature of statute and its authority and powers are prescribed by provisions of Sec. 32, Chap. 153, R. S., 1954. That portion of the section pertinent to the problem involved is couched in the following language:

> **"Supreme Court of Probate; appellate jurisdiction; special guardians.** The superior court is the supreme court of probate and has appellate jurisdiction in all matters determinable by the several judges of probate; and any person aggrieved by any order, sentence, decree or denial of such judges, except the appointment of a special administrator, or any order or decree requiring any administrator, executor, guardian or trustee to give an additional or new official bond, or any order or decree under the provisions of section 59 of chapter 154, or any order or decree removing a guardian from office, may appeal therefrom to the supreme court of probate to be held within the county, if he claims his appeal within 20 days from the date of the proceeding appealed from; or if, at that time, he was beyond sea, or out of the United States and had no sufficient attorney within the state, within 20 days after his return or the appointment of such attorney."

This jurisdictional statute provides under what circumstances and by whom appeals may be taken from orders or decrees of probate judges and it also enumerates certain exceptions under which appeals are not allowable. One of the exceptions is "or any order or decree removing a guard-

ian from office." This exception precludes this appellant from appealing from the decree of the Judge of Probate. Although "removal" and "dismissal" are different in definition, both acts result in relieving a guardian of his duty so that in the final analysis, the result is the same and, therefore, comes within the intent of the Legislature.

*Thompson, Appellant,* 114 Me. 338, at page 340:

> "Appeals in probate proceedings can be sustained only by persons 'aggrieved.'"

A guardian is not a person "aggrieved" in the sense of the word "aggrieved" as used in Sec. 32, Chap. 153 of R. S., 1954.

*Look, Appellant,* 129 Me. 359, at page 362:

> "The right of guardians in the property intrusted to them is not coupled with an interest."

25 Am. Jur., Sec. 107, page 69:

> "Legal title to the property of an infant or incompetent ward is in the ward, rather than in the guardian. The guardian has no beneficial title in the ward's estate, being merely the custodian and manager or conservator thereof."

The next question to be considered is whether the appellant in her relationship as a sister of her ward, the appellee, is a "person aggrieved" as these words are used in Sec. 32 of the appeal statute.

First, however, consideration must be given to the contention of counsel for the appellee that the appellant has failed to affirmatively allege in her reasons for appeal that she is a person aggrieved within the meaning of the statute. A perusal of the appeal discloses the fact that the appellant represents herself as of Bangor, County of Penobscot and State of Maine; that she is interested as guardian and sister in the estate of Murray W. Blakney; that she is aggrieved

by the decree of the Judge of Probate and that she appeals to the Supreme Court of Probate.

Her reasons of appeal are substantially in effect that the findings of the Probate Judge were contrary to the law and the evidence in the case.

There is nowhere to be found in the reasons for appeal that the appellant affirmatively alleges she is the sister of the appellee; that she is a party in interest; that she is an heir presumptive, or that her status comes within the meaning of the words "person aggrieved" as used in Sec. 32 of the appeal statute. The appellant does not show by her pleadings that she has the right of appeal.

*Abbott, Appellant,* 97 Me. 278, at page 280:

> "In his notice of appeal he states that 'he is interested as brother in the estate' of the deceased, but this is not a sufficient averment of a legal interest, as there may be several classes of nearer kindred. ****** The appeal should be dismissed because the record of the proceedings fails to show that the appellant has the right of appeal."

*Sprowl, Appellant* v. *Randell,* 108 Me. 350, at page 352:

> "The right of appeal from any decree or order of the probate court is conferred by statute only, can extend no further than the statute provides, and *must be affirmatively alleged* and established by the case presented. (Emphasis ours.)

*Briard, Appellant* v. *Goodale,* 86 Me. 100:

A motion to dismiss is proper procedure to attack the legal efficacy of the appeal under the circumstances obtaining in this case. *Edwards* v. *Williams,* 139 Me. 210.

The granting of the motion to dismiss by the Justice of the Supreme Court of Probate was not in error.

*Exceptions overruled.*