James O'GRADY

v.

Katherine H. PARTRIDGE, Administratrix, Estate of William J. Irwin, Jr.

Warren GEORGE

v.

Katherine H. PARTRIDGE, Administratrix, Estate of William J. Irwin, Jr.

Donald LINDBLOOM

v.

Katherine H. PARTRIDGE, Administratrix, Estate of William J. Irwin, Jr.

Supreme Judicial Court of Maine.

May 7, 1974.

Perkins & Townsend by Clinton B. Townsend, Skowhegan, for plaintiff.

Alan C. Pease, Wiscasset, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

The rights of the three plaintiffs in these consolidated actions hinge upon whether their respective claims against the estate of William J. Irwin, Jr., were seasonably filed in the Probate Court. On appropriate motions for summary judgment brought by the defendant Administratrix in each action, a Superior Court Justice ordered each complaint dismissed, from which decision each of the plaintiffs has appealed. We deny the appeals.

The defendant Administratrix supported her motions with affidavits which incorporated all essential proceedings in the Lincoln County Probate Court. Since the plaintiffs filed no opposing affidavits, we conclude that there is no dispute on any relevant fact. Rule 56(e), M.R.C.P.

From the probate proceedings and the records of the Superior Court (Supreme Court of Probate, 4 M.R.S.A. § 401) the following facts emerge:

William J. Irwin, Jr., died on April 20, 1971, leaving no widow, one daughter twenty years of age and three minor children. The defendant Administratrix, a former wife of the decedent and a resident of Massachusetts, is the mother of these four children. On May 4, 1971, the twenty year old daughter filed a petition requesting the appointment of her mother as Administratrix of the estate. The Judge of Probate made the requested appointment on June 8, 1971, and a qualifying surety company bond in the penal sum of $400,000.00 was immediately filed and approved.[1] Since the defendant was a non-resident, her appointment was contingent on the appointment of an agent in this state (18 M.R.S.A. § 1402), and the Probate docket indicates that such appointment was made and filed on June 8, 1971.

On June 21, 1971, the mother of the decedent, Mrs. Barbara Shepherd, seasonably filed an appeal from the appointment of June 8, 1971, and included therein her reasons therefor. 4 M.R.S.A. § 402. The appeal was then transferred to the docket of the Supreme Court of Probate and on November 3, 1971, a Justice of the Superior Court ordered that the appeal be dismissed because the "appellant is not an aggrieved party to the decree of the Judge of Probate." This decision was entered on the docket of the Supreme Court of Probate on November 4, 1971, but it was not until December 21, 1971, that it actually was recorded on the docket of the Probate Court.

Each of the plaintiffs filed his respective claim against the estate in the Probate Court on May 23, 1972. Each complaint was dated November 16, 1972, served on November 20, 1972, and subsequently filed in the office of the Clerk of Courts.

The foregoing factual background was before the single Justice when he ruled on the defendant's motions for summary judgment. It is clear that the Justice below would necessarily be correct in his ruling if the three plaintiffs had failed to file their respective claims against the estate within the time permitted by statute since such seasonable filing is an absolute condition precedent to the maintenance of any court action against an estate. 18 M.R.S.A. § 2402. In order that we decide whether these claims were seasonably filed, it is necessary that we consider when the ap-

---

1. An Administrator is "deemed to be qualified when his bond has been filed and approved by the judge of probate." 18 M.R.S.A. § 203.

pointment of the Administratrix became effective in view of the purported appeal on June 21, 1971, from the appointment of June 8, 1971.

18 M.R.S.A. § 2402 requires all claims against estates of deceased persons to be "presented to the executor or administrator in writing or filed in the registry of probate . . . either before or within 6 months after his qualification as such executor or administrator. . . . Any claim not so presented or filed shall be forever barred against the estate . . . ."[2]

Additionally, we consider the following statutory mandates:

18 M.R.S.A. § 2651:

"No action shall be maintained against an executor or administrator on a claim or demand against the estate . . . unless commenced and served within 12 months after his qualification as such executor or administrator."

4 M.R.S.A. § 401:

"The Superior Court is the supreme court of probate and has appellate jurisdiction in all matters determinable by the several judges of probate. Any person *aggrieved* by any order, sentence, decree or denial of such judges . . . may appeal therefrom to the supreme court of probate to be held within the county, if he claims his appeal within 20 days from the date of the proceeding appealed from . . . ." (Emphasis supplied.)

4 M.R.S.A. § 405:

"After an appeal is claimed and the bond and reasons of appeal are filed, all further proceedings, in pursuance of the matter appealed from, cease until the determination of the supreme court of probate thereon. . . ."[3]

■ The first issue that must be determined is whether the probate appellant was an "aggrieved" party within the meaning of Section 401 and, therefore, had standing to appeal from the decision of the Judge of Probate. Unless she had standing in the sense that she may have had legally enforceable rights and had such a pecuniary interest in the estate that the decision of the Judge of Probate might either establish or divest her thereof, she would fall outside the meaning of this statutory lan-

---

2. There are three exceptions which have no relevance to the issues before us.

3. The forerunner of this statute originated when Maine became a state. R.S.1821, ch. 51, § 66 provided:

"That whenever there shall be an appeal from any order or decree of any Judge of Probate of any county to the Supreme Court of Probate as aforesaid, and the appellant shall file in the Probate office, his reasons of appeal, and give bonds to prosecute the same to effect, according to law, and shall give notice thereof to the adverse party; in such case, all further proceedings, in consequence of such order, sentence, decree, denial or decision, shall be staid [sic] until a final determination shall be had thereon in the said Supreme Court of Probate."

Without reference to the year in which the foregoing was amended, it is noted that R.S. 1857, ch. 63, § 23 contained essentially the same language as we now find in 4 M.R.S.A. § 405, namely:

"After an appeal is claimed, and the bond and reasons of appeal filed, all further proceedings, in pursuance of the matter ap-

pealed from, shall cease, until the determination of the supreme court thereon."

It is thus apparent that the language directed at probate appeals has been consistently used throughout the history of this state and yet we have never been required to interpret whether the probate proceedings appealed from cease "until the determination of the supreme court of probate thereon" or whether such proceedings cease until such determination is *recorded in the various probate offices.* In view of the position that we take herein it is likewise unnecessary to make this determination now.

An attractive argument could be advanced that because the statute has suspended the probate proceedings *until the supreme court of probate has made a determination* and because this language has been consistently in our statutes since 1821, the revitalization of the probate matter appealed should be coexistent with the decision on the probate appeal. If the legislature had deemed it necessary to suspend the probate proceedings until this decision was recorded in the probate office, it would have been a simple matter to indicate such intention by appropriate language in the statute.

guage. Lucy M. French, Appellant, 134 Me. 140, 183 A. 130 (1936); American Can Co. v. Milk Control Board, 313 Mass. 156, 46 N.E.2d 542, 545 (1943). Since it is a probate appellant's primary duty to establish the right to appeal in terms of being an aggrieved party, an appeal must be dismissed summarily unless such right is established. Pettingill v. Pettingill, 60 Me. 411 (1872).

■ It is clear from the record before us that the probate appellant had no pecuniary interest in her deceased son's estate, he having been survived by four children who would be his sole and only heirs at law. 18 M.R.S.A. § 1001(2). While it is understandable that as the decedent's mother she might resent the appointment of the divorced wife of her son as his administratrix, such resentment gives her no legal standing to appeal. It is likewise true that she had no legal interest in the affairs of her four grandchildren, three of whom are minors, the defendant being the guardian of each. The fourth grandchild, being twenty years of age, is qualified to serve as an administratrix. 18 M.R.S.A. § 1551.

Mrs. Shepherd's basic reason for her appeal was that she, being the only adult relative of the decedent in the State of Maine, is the sole person qualified to serve as administratrix. It is true that she is the closest adult relative of the decedent in the State of Maine, but there is no prohibition against the appointment of a non-resident to serve as administrator of a Maine estate provided an appointment of an agent in Maine is made, as was done here. 18 M.R.S.A. § 1402.

We thus conclude that the probate appellant lacked any standing in the Supreme Court of Probate and that the Superior Court Justice was entirely correct when he dismissed the probate appeal because the appellant was not an aggrieved party within the context of Section 401.

The next problem which must be discussed is the effect of the dismissal of the probate appeal upon the proofs of claim which the appellants filed. These claims were not filed within six months of the original appointment, nor within six months of the decision of the Justice of the Supreme Court of Probate, but within six months of the recording thereof in the Probate Court.

While it is true that the Maine law holds that a valid appeal vacates a decree of the probate court, Rawley, Appellant, 118 Me. 109, 106 A. 120 (1919), it is likewise true that a "void appeal gives the appellate court no jurisdiction, and leaves the original decree in full force and virtue." Thompson, Appellant, 116 Me. 473, 477, 102 A. 303, 305 (1917). Since the appeal by a party who has not been aggrieved gives the appellate court no jurisdiction, it is axiomatic that nothing is before such court and, therefore, the appeal must be considered as void.

■ Applying these rules to the facts before us, it is clear that the appointment as administratrix dated June 8, 1971, was in no way affected by a void appeal and, therefore, this decree remained at all times "in full force and virtue." Thompson, Appellant, supra. It therefore follows that the terminal date upon which claims against the estate must be filed would be December 8, 1971, and because the appellants before us failed to file their claims until May 23, 1972, their causes of action must fail. In the language of the statute, 18 M.R.S.A. § 2402, "any claim not so presented [i. e., on or before December 8, 1971] shall be forever barred against the estate." [4]

The Justice below correctly granted the motions for summary judgment and the entry must be:

Appeals denied.

All Justices concurring.

4. This conclusion is consistent with the rationale underlying a sound public policy that estates of decedents should be finally settled with dispatch. The purpose of our probate proceedings is to expedite such settlement both in the interest of the public welfare and for the benefit of those interested in such estates. See In Re Williamson's Estate, 95 So.2d 244 (Fla.1957); see also Annot., 65 A.L.R. 2d 1201.