**ESTATE OF Meyer M. LERMAN.**

Supreme Judicial Court of Maine.

Oct. 20, 1982.

Joseph C. Lerman, pro se.

Russell E. Lerman, pro se.

Before McKUSICK, C.J., GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

PER CURIAM.

Joseph Lerman appeals from the order, pursuant to M.R.Civ.P. 41(b), of the Superior Court, acting as the Supreme Court of Probate, dismissing his appeal from a default judgment entered in the Cumberland County Probate Court.

On January 26, 1979, the Probate Court entered a default judgment against appellant in an action brought by Russell Lerman. On January 25, 1980, appellant Joseph Lerman filed with the Probate Court an appeal and reasons for appeal, pursuant to 4 M.R.S.A. § 401 (1979),[1] and on the same date the matter was docketed in the Superior Court. Appellant took no further action in the matter until after he received notice from the Superior Court in March of 1982 that his appeal would be dismissed for failure to prosecute, pursuant to Rule 41(b), unless he filed a motion to retain the case on the docket. On March 22, 1982, appellant filed such a motion. At the hearing on the motion held on March 26, 1982, the Superior Court justice noted that the appeal from the Probate Court had not been timely taken. Nonetheless, the Superior Court docket shows the appeal to have been dismissed for want of prosecution pursuant to Rule 41(b). Joseph Lerman now appeals that dismissal.

■ We do not reach the issue of the propriety of the Rule 41(b) dismissal, because the Superior Court never acquired jurisdiction to hear the probate appeal. Where jurisdiction never attached in the court below, "we can proceed no further, and must notice it of our own volition." *Fletcher v. Feeney,* Me., 400 A.2d 1084, 1089 (1979) (interpreting M.R.Civ.P. 12(h)(3)). *See also Begin v. Jerry's Sunoco, Inc.,* Me., 435 A.2d 1079, 1081 (1981); *Petition of Thomas,* Me., 434 A.2d 503, 506 (1981).

■ The right of appeal is not a constitutional nor a common law right, but a statutory one. *Rice v. Amerling,* Me., 433 A.2d 388, 390–91 (1981). Thus, probate appeals are governed by statute, and it is well established that there must be strict compliance with the conditions prescribed or the right of appeal is lost. *Crockett, Appellant,* 147 Me. 173, 178, 84 A.2d 808, 811 (1951). A void appeal gives the appellate court no jurisdiction. *O'Grady v. Partridge,* Me., 319 A.2d 115, 118 (1974).

■ An appeal to the Supreme Court of Probate pursuant to the former 4 M.R.S.A. § 401 was required to be taken within twenty days from the date of the proceeding appealed from. Upon a proper showing, the Supreme Court of Probate might extend that time, if the aggrieved party filed a petition for extension within one year of the decision complained of. 4 M.R.S.A. § 403 (1979). Joseph Lerman neither filed his appeal within the twenty-day time limit, nor did he at any time petition the Supreme Court of Probate for an extension. Therefore, he failed to perfect his appeal to that court, which thus never had any jurisdiction to hear his cause.

The entry must be:

Judgment of the Superior Court sitting as the Supreme Court of Probate modified to read: "Appeal from the Probate Court dismissed for want of jurisdiction."

Judgment as so modified affirmed.

All concurring.

---

1. By P.L. 1979, ch. 540, § 7–B, 4 M.R.S.A. § 401 and other probate law provisions were repealed and replaced with the new Probate Code, 18–A M.R.S.A. § 1–101 *et seq.* The Probate Code, however, did not take effect until January 1, 1981, and thus the prior law controls the time requirements for perfecting an appeal from the January 26, 1979, judgment of the Probate Court.