(Decided 16th December, 1880.)

---

## THE WASHINGTON CITY AND POINT LOOKOUT RAILROAD COMPANY *vs.* THE SOUTHERN MARYLAND RAILROAD COMPANY, and others.

*Appeal—Receivers—Interlocutory Order of Sale—Code, Art. 5, sec. 21—Injunction.*

The discharge of a receiver furnishes no ground of appeal. Nor does the rescission of an interlocutory order of sale, which determined no right.

An appeal will lie, under Art. 5, sec. 21, of the Code, from an order directing a sale, but not from an order refusing to authorize a sale before final decree, or from an order suspending or rescinding an interlocutory order of sale.

Where one creditor cannot be injured by the dissolution of an injunction granted on the filing of a bill by creditors against a corporation, and its continuance would defeat the plans for the re-organization of the corporation entered into by the creditors, and would be inconsistent with previous orders in the cause, there is no equity that would justify the Court in maintaining the injunction at the sole instance of one creditor as against all the other creditors, as well as the corporation.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J., for the appellant and the appellees except the State, and submitted on brief by the Attorney-General for the State.

*R. B. B. Chew,* for the appellant.

*T. A. Lambert,* for the appellee, The Southern Maryland Railroad Company.

*C. J. M. Gwinn, Attorney-General,* for the appellee, the State of Maryland.

ALVEY, J., delivered the opinion of the Court.

The original bill in this case was filed by the appellant and others, claiming to be creditors of the Southern Maryland Railroad Company, against that company and others, praying the appointment of a receiver or receivers, the sale of the property of the Southern Maryland Railroad Company, and for an injunction. Receivers were appointed, and an injunction ordered and issued as prayed. All this occurred in July, 1875. The case has never been prosecuted to final hearing or decree; and the validity of the claim of the appellant is controverted, and has been put in issue by the pleadings in the cause.

The State of Maryland, being largely interested by reason of a subscription to the stock of the defendant railroad company, was allowed to intervene as a party to the proceedings. Subsequently, upon petition filed by the complainants, and by the State, an interlocutory order for the sale of all the property, real and personal,

of the Southern Maryland Railroad Company was passed on the 18th of April, 1878, and by that order trustees were appointed to make the sale. This order was obtained under the provision of the Code, Art. 16, sec. 129; but it was never executed; and afterwards, application was made by the principal creditors, both as complainants and as defendants to the cause, representing that it was necessary, and for the mutual interest and good of all concerned, in view of, and in order to make effectual, a re-organization of the Southern Maryland Railroad Company, that the receivers should be discharged, the injunction dissolved, and the interlocutory order of sale rescinded. The State acquiesced in this application, as being the best thing that could be done under the circumstances of the case, and all the creditors of the Company, except the appellant, seem to have concurred in the propriety of the proceeding: or at any rate none other than the appellant opposed the application. The Court, after hearing the parties, by its order of the 23rd of May, 1879, accordingly discharged the receivers, dissolved the injunction, and rescinded the order of sale; but retained the bill of complaint for the benefit of the appellant, and such other creditors as may not have united in the application to the Court for the rescission of its previous orders, with liberty to proceed to establish their claims. There was tendered and accepted by the Court a good and sufficient bond for the payment of any amount that shall be adjudged to be due the appellant on final hearing. It is from this order of the 23rd of May, 1879, that the appellant has appealed, and, by express terms, the appeal is taken from the order only so far as it may affect the appellant alone. No other creditor, therefore, so far as the record discloses, makes any complaint of the order appealed from. And, upon careful consideration of all the circumstances of the case, this Court is clearly of opinion that the appellant has no good and substantial ground of appeal against that order.

1. In the first place, the discharge of the receivers furnishes no ground of appeal. It is a settled principle that the appointment of a receiver determines no right, nor does it affect the title of either party in any manner whatever. The receiver is the mere officer of the Court, and his holding is the holding of the Court for the party who may be entitled. He is appointed on behalf and for the benefit of all concerned in the cause, and not of one party exclusively. And as the appointment determines no right as between the parties, but his holding is simply that of the Court, his discharge affords no ground of appeal to this Court. That has been settled by repeated decisions. *Ellicott vs. Warford,* 4 *Md.,* 80 ; *Cain vs. Warford,* 7 *Md.,* 282.

2. In the next place, we think it equally clear that the rescission of the interlocutory order of sale furnishes no ground of appeal. The order determined no right whatever. It did not establish the claims of the parties upon whose application it was passed; and the Court, in acting upon the application for such order, was in the exercise of a purely discretionary power. If it had refused to pass the order for sale, it is very clear that no appeal would have lain from such refusal; and having passed the order, if for satisfactory cause subsequently appearing, the order not having been executed, the Court deemed it proper to rescind that order, and thus leave the question of sale to depend upon the final determination of the cause, no person can rightfully complain by way of appeal. The power is one of no ordinary nature, and it should only be exercised in proper cases, where the Court has become " satisfied clearly by proof, that, at the final hearing of the case, a sale will be ordered." The object of the power is to prevent waste and depreciation of the property, and to promote the interest of all parties concerned; and where these objects are not to be attained, the power should not be exercised. And though the

Court may have authorized the sale by interlocutory order, yet, where, as in this case, by change of circumstances, or arrangement among the parties interested, a sale is no longer desirable, or which may be detrimental to the interest, or operate to defeat the plans and agreements, of the parties having the greatest amount of interest in the property, it at once becomes the duty of the Court either to suspend the execution of the order of sale, or rescind the order entirely, as was done in this case.  And from such order of suspension or rescission no appeal will lie.  While an appeal will lie from an order directing the sale (*Code, Art.* 5, *sec.* 21,) the statute makes no provision for an appeal from an order refusing to authorize a sale before final decree, or from an order suspending or rescinding an interlocutory order of sale.

3. Lastly, as to the dissolution of the injunction granted on filing the original bill.  It is quite manifest that the continuance of the injunction would have the effect to thwart and entirely defeat the plans and arrangements for the re-organization of the Southern Maryland Railroad Company; and consequently, its continuance would be wholly inconsistent with the objects and purposes of the order discharging the receivers and rescinding the order of sale.   Moreover, the state of case upon which the injunction was granted, was wholly changed by the agreement and plan settled upon among the creditors for the re-organization of the company; and there is no equity that would justify the Court in maintaining the injunction at the sole instance of the appellant, as against all the other creditors, as well as against the railroad company. Nor can the appellant be injured by the dissolution of the injunction, whether the re-organization of the company be successful or not.   The claim of the appellant is comparatively small, and the bill has been retained, with liberty to the appellant to proceed thereunder; and if it succeeds in establishing its claim, that is fully secured by

the bond given for its ultimate payment, to say nothing of the property of the debtor company that may still remain liable for the payment of debts.

The order appealed from will be affirmed, with costs to the appellees.

*Order affirmed, and*
*cause remanded.*

(Decided 16th December, 1880.)