HUNDLEY et al., Etc. *v.* HUNDLEY

(Four Appeals in One Record).

[No. 87, September Term, 1962 (Adv.).]

394

[redacted]

*Decided July 24, 1962.*

*Motion for rehearing filed August 17, 1962, denied September 13, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Eugene M. Childs* and *Nicholas J. Chase,* with whom were *Chase & McChesney* on the record, for the appellants.

*William J. McWilliams* and *Frank C. Serio,* with whom were *George H. Beuchert, Jr.,* and *McWilliams & Melvin* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

On July 15, 1959, the appellants, the wife and a business associate of the appellee, were appointed co-committees and co-trustees of the property of the appellee, who was found to be of unsound mind, upon petition filed by them as next friends under Code (1957), Art. 16, sec. 135. See *Matter of Easton,* 214 Md. 176. On January 24, 1962, after a full hear-

ing on petition of the appellee, the Chancellor found the appellee to be competent to manage his affairs, and passed an order discharging the appellants and requiring them to account. Subsequently, the Chancellor passed an order denying the appellants permission to appeal under Maryland Rule V77 b, an order appointing receivers who have acted as solicitors for the appellee, and an order holding the appellants in contempt. Separate appeals were filed from each order. As to the last, there is a motion for severance. The appellees filed a motion to dismiss the first three appeals, on the ground that the appellants lack standing to appeal. They disavow any interest in the last appeal, and make no motion in regard thereto. Hence, we express no opinion and take no action in regard to it.

We think the motion to dismiss the first three appeals must be granted. It has been held that a guardian appointed to take charge of and manage the property of an incompetent is not a person aggrieved by an order of restoration. *Ensign v. Faxon,* 112 N. E. 948 (Mass.). Cf. *Wattrich v. Blakney,* 118 A. 2d 332 (Me.). There are cases to the contrary. See *In re Bayer's Estate,* 185 P. 606 (Wash.), and Note 122 A.L.R. 541. The Maryland statute, Code (1957), Art. 5, sec. 6, provides that "Any party" may appeal from any final decree of a court of equity, but it is well settled that a conventional trustee or receiver is simply the officer or hand of the court and has no interest in regard to the disposition of the fund in his hands for distribution as between various claimants, or even in the discontinuance of his services, so long as he is compensated for what he has done. See *R.R. Co. v. R.R. Co.,* 55 Md. 153, 156; *Stewart v. Codd,* 58 Md. 86, and *Beilman v. Poe,* 120 Md. 444, 447. The status of a committee to manage the property of an incompetent is analogous to that of a trustee or receiver. Probably the closest case in point is *In re Colvin,* 3 Md. Ch. 278, where the rule was applied in the case of a committee discharged by reason of the death of his ward, who attempted to appeal an order directing him, as receiver, to turn over the funds to an administrator. Cf. *Plakatoris v. Bainder,* 204 Md. 223, 228. Code (1957), Art. 5, sec. 8, recog-

nizes a limited right of appeal, in the case of fiduciaries desiring to contest a preference or priority between creditors, but only with the consent and approval of the trial court. That section is not applicable in the instant case. Cf. *MacNabb v. Sheridan,* 181 Md. 245.

The appellants seek to avoid the application of the rule stated by arguing that they have rights, as next friends and the original petitioners, to appeal from the orders in question. The short answer to this contention is that the appeals are taken in their representative capacities only. We leave open the question of their standing as next friends or in their individual capacities.

Since we hold that the appellants have no standing to appeal in their capacity as co-committees and co-trustees, it is unnecessary to discuss the other questions argued by the appellees in support of their motion.

*First three appeals dismissed, costs to be paid by the appellants, individually.*