**In re ESTATE OF JOHNSON.**

[Cite as *In re Estate of Johnson* (1998), 128 Ohio App.3d 148.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72778.

Decided June 8, 1998.

*Robert S. Passov,* for appellee, George Oliver, administrator of the estate of Julia Johnson.

*Hahn, Loeser & Parks, Andrew S. Pollis, Robert J. Fogarty* and *Sharon A. Riegal,* for appellants Mt. Sinai Center, George Gelehrter, M.D., and Cynthia Solomon.

O'DONNELL, Judge.

Mt. Sinai Medical Center, George Gelehrter, M.D., and Cynthia Solomon (collectively known as the Mount Sinai defendants) purport to appeal from a judgment of the Cuyahoga County Probate Court, which vacated the court's July 11, 1994 order approving the final account of the estate of Julia Johnson and the alleged resignation of the fiduciary. Because these appellants were not parties to

that action and did not have a present interest in its subject matter, they lack standing to appeal that decision, and we therefore dismiss this appeal.

The matter giving rise to this controversy began on April 2, 1993, when George Oliver's mother, Julia Johnson, died at Mt. Sinai Medical Center after she had surgery. Following her death, Oliver retained as counsel Dale Zucker, who opened an estate for the sole purpose of pursuing a wrongful death action on behalf of the estate of Julia Johnson; however, on June 6, 1994, Zucker filed a final account in the probate court, stating that Oliver had decided not to pursue the wrongful death action, and, subsequently, on July 11, 1994, the probate court closed the estate and discharged Oliver as administrator of his mother's estate.

Thereafter, Oliver retained as new counsel Robert Passov, who, on March 31, 1995, filed in Oliver's name as administrator of his mother's estate a wrongful death action in the common pleas court, general division, against Mt. Sinai Medical Center, Dr. George Gelehrter, and Cynthia Solomon. When Oliver learned that the probate court had discharged him as administrator of his mother's estate, he moved to reopen the estate and to be reappointed administrator, and on May 16, 1996, the court granted his motion. Then, facing a question of his standing to have filed the common pleas court wrongful death action because he had not been administrator at the time the case was filed, Oliver sought relief from the July 11, 1994 probate court order. On May 30, 1997, that court vacated the order approving the final account and the alleged resignation of the fiduciary.

The Mount Sinai defendants have now appealed from the May 30, 1997 order of the probate court and have assigned one error for our review:

"Probate court erred in granting the motion of appellee, George Oliver, the administrator of the estate of Julia Johnson, for relief from judgment pursuant to Civ.R. 60(B)(5). Order of the court dated May 30, 1997 ('May 30 order')."

Appellants contend that the probate court erred when it granted Oliver's motion for relief from judgment, citing his failure to comply with R.C. 2109.35 and Civ.R. 60(B)(1), and to give appellants notice of the motion and an opportunity to oppose it.

Oliver urges that the probate court did not err in granting the relief from judgment, arguing that at the time he applied for relief, he had been reappointed administrator of his mother's estate.

Three issues confront us in connection with this appeal: the first concerns appellants' standing to raise issues on appeal, the second concerns whether the judgment of the probate court vacating an earlier settlement of Johnson's estate constitutes a final appealable order, and the third concerns whether the probate court contravened R.C. 2109.35 or Civ.R. 60(B) when it granted the motion for

relief from judgment and vacated its earlier order approving the final account and Oliver's alleged resignation.

The important question presented in this appeal is whether the appellants have a right to appeal from an order of the probate court concerning the distribution of estate assets to which they were not parties and in which they have no present interest. Dispositive of this issue is the court's determination in *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 161, 23 O.O. 369, 369, 42 N.E.2d 758, 758–759, where the court, quoting 2 American Jurisprudence 941, Section 149, stated:

" 'It is a fundamental rule that to be entitled to institute appeal or error proceedings a person must have a present interest in the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment, order or decree.' "

Similarly, in considering whether a guardian had a right of appeal from a probate court determination that the ward had been restored to reason, the court stated that "the guardian is not an interested party whose rights are affected by the decision of the probate court, nor is she an aggrieved party under such order." *In re Guardianship of Love* (1969), 19 Ohio St.2d 111, 115, 48 O.O.2d 107, 109–110, 249 N.E.2d 794, 796. See, also, *Ohio Domestic Violence Network v. Pub. Util. Comm.* (1992), 65 Ohio St.3d 438, 605 N.E.2d 13.

The record before us demonstrates that appellants clearly were not parties to the action in the probate court, nor did any of them have a present interest in the subject matter of that litigation, nor did they demonstrate that they were aggrieved parties under the probate court order.

Accordingly, we conclude that these appellants lack standing to appeal from the May 30, 1997 order of the probate court, as they were not parties to that litigation, had no present interest in its subject matter, and have failed to show they are aggrieved by it in any fashion. For these reasons, we dismiss this appeal, and we need not reach the other issues presented.

*Appeal dismissed.*

BLACKMON, A.J., and PORTER, J., concur.