This is an appeal taken from judgments entered on September 18, 1996, January 27, 1998, and May 15, 1998, in an action for negligence. Appellant presents three assignments of error for our review.
"A. THE TRIAL COURT ERRED IN FAILING TO VACATE THE DEFAULT JUDGMENT AGAINST INVOLUNTARY PLAINTIFF, AS THE TRIAL COURT COULD NOT EXERCISE PERSONAL JURISDICTION OVER HER."
"B. THE TRIAL COURT ERRED IN DENYING ZANE SAMPSON'S MOTION TO SET ASIDE DEFAULT JUDGMENT BECAUSE WITHOUT JURISDICTION OVER A PARTY, THE JUDGMENT IS VOID"
"C. THE TRIAL COURT ERRED IN OVERRULING ZANE SAMPSON'S MOTION TO SET ASIDE DEFAULT JUDGMENT IN LIGHT OF ZANE SAMPSON'S SATISFACTION OF ALL THREE REQUIREMENTS OF CIV.R. 60(B)."
A summary of the facts follows. On November 5, 1993, Albert Sampson's truck, driven by appellee Wilson, was involved in an accident with another vehicle. The cap to Albert's truck flew off in the accident and hit Albert, who was nearby. Albert was rendered incompetent as a result of the severe injuries he suffered. On December 2, 1993, Albert's mother, Mildred Knopf, filed an application for guardianship in Ross County, Ohio. On December 3, 1993, Albert's estranged wife, Zane Sampson, appellant herein, filed an application for an emergency appointment as Albert's guardian in the court in Luzerne County, Pennsylvania. Both applications for guardianship were granted.
On December 29, 1993, the Ohio guardian filed suit against Wilson and his employer, Hughes, in Ross County Common Pleas Court. Subsequently, a declaratory judgment action was filed in federal court seeking a determination whether the Pennsylvania guardian or the Ohio guardian had the right to guardianship over Albert. The federal action was dismissed on March 26, 1996, because the suit was pending in Ross County and all the necessary parties had already been joined.
On June 18, 1996, a separate tort suit filed by Wachovecs against Wilson and Hughes, which arose out of the November 5, 1993 accident, was consolidated with Albert's action. Also on June 18, 1996, the Pennsylvania guardian was joined as an involuntary plaintiff in the action pursuant to Civ.R. 19(A). A copy of the June 18th Entry was issued to the Pennsylvania guardian by United States certified mail. The return establishes that she personally received the Entry on June 22, 1996. On August 1, 1996, the Ohio guardian filed her "Cross-Claim of Plaintiff, Albert P. Sampson, etc. Against Involuntary Plaintiff, Zane R. Sampson". The cross-claim asks for a declaratory judgment pursuant to R.C. 2721.01,et seq. as to which of the guardians is entitled to bring Albert's personal injury action. The Pennsylvania guardian personally received a copy of the cross-claim on August 12, 1996.
On September 18, 1996, the Ohio guardian obtained a default judgment against the Pennsylvania guardian because she failed to appear or defend. The September 18th judgment declares Mildred Knopf to be Albert's guardian and states that she is entitled to bring the underlying personal injury action.
On February 5, 1997, the Pennsylvania guardian filed a "Suggestion of Death and Motion for Substitution of Party" to attempt to have herself substituted for the late Mildred Knopf as Albert's guardian. On August 12, 1997, all of the claims concerning the Wachovecs were dismissed in an agreed entry. Not until December 11, 1997, did the Pennsylvania guardian file a "Motion to Vacate Default Judgment". Her motion complains that the Ross County Common Pleas Court did not have jurisdiction over her.
On January 27, 1998, the court implicitly overruled the Pennsylvania guardian's February 5th motion when it named Sally Stevens as the Ohio guardian in place of the late Ms. Knopf. Also on January 27, 1998, the trial court denied the motion to vacate the default judgment. The court found that the Pennsylvania guardian had been properly served, her motion was made under Civ.R. 60(B) and was made more than one year after the default judgment.
On May 15, 1998, after a bench trial, judgment was entered in favor of Albert against Wilson and Hughes in the amount of $459,252.94. The only appeal filed from this judgment was that of the Pennsylvania guardian, hereinafter appellant. The initial question in the first two assignments of error is whether the trial court had jurisdiction over appellant, thus we will address both assignments together. Appellant contends that the court did not have personal jurisdiction over her because she had no minimum contacts with the State of Ohio. The record reflects that on June 18, 1996, the court filed a "Journal Entry" ordering the appellant joined as an involuntary plaintiff in the action. The record reflects that appellant received a copy of the June 18th entry on June 22, 1996. On August 1, 1996, the Ohio guardian filed her "Cross-Claim of Plaintiff, Albert P. Sampson, etc. Against Involuntary Plaintiff, Zane R. Sampson". The record reflects that she was served with the cross-claim on August 12, 1996. Appellant failed to file a responsive pleading, a motion to dismiss or otherwise appear in the action. Failure to include the defense of lack of personal jurisdiction in the manner prescribed by Civ.R. 12(H) waives the defense. Holm v. Smilowitz (1992),83 Ohio App.3d 757. We find that appellant's failure to file her defense as required by Civ.R. 12(H) has waived the defense of lack of jurisdiction.
Having determined that the Ross County Common Pleas Court has jurisdiction over appellant, we turn to the question of whether this Court has jurisdiction to consider the appeal. A court of appeals lacks jurisdiction to consider the merits of the appeal if the judgments being appealed are not final appealable orders or if the notice of appeal is untimely filed pursuant to App. R. 4. Appellant filed her notice of appeal on June 11, 1998, from the judgments entered on September 18, 1996, January 27, 1998, and May 15, 1998.
On September 18, 1996, the Ohio guardian obtained a default judgment against appellant because she failed to appear or defend. The September 18th judgment declares the Ohio guardian to be Albert's sole guardian and his proper representative and states that she is entitled to bring the underlying personal injury action. Is the September 18th judgment a final appealable order? It first appears that the September 18th judgment is not a final order because claims concerning the Wachovecs were still pending and the judgment does not state that there is no just reason for delay which is required by Civ.R. 54(B) for finality. However, "if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable."General Acc.Ins. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17,21, citing Wise v. Gursky (1981), 66 Ohio St.2d 241. The September 18th judgment totally eliminates the appellant as a party but does not affect Albert because he still had the Ohio guardian to protect his interests at the time, thus, all of appellant's claims became moot. Thus, superficially, it appears that the September 18th judgment is a final appealable order.
However, to qualify as a final appealable order the judgment must fall within the definition in R.C. 2505.02(B) which states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon summary application after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy * * *."
The September 18th judgment was made in a special proceeding because it is a ruling on a motion for declaratory judgment. A declaratory judgment action is a special proceeding.General Acc.Ins., supra. Likewise, the September 18th judgment determines the action as to appellant and prevents a judgment in her favor. Whether the September 18th judgment fits into either of the definitions of final order contained in R.C.2505.02(B)(1) or (2) depends on whether the September 18th judgment affected any of appellant's substantial rights. A " 'substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).
Is any legally protected right of appellant affected by the judgment which declares that the Ohio guardian is Albert's sole and proper representative and that she is entitled to bring the underlying personal injury action? The purpose of a guardianship is to protect the rights of one unable to manage his or her own affairs. R.C. 2111.01(A) and (D). In order for a guardian to have any legal interest in the guardianship itself requires that the party must be able to show that she has a present interest in the subject matter of the litigation.In re Guardianship of Love (1969), 19 Ohio St.2d 111, 113, citing, Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.
(1942), 140 Ohio St. 160. An appeal lies only on behalf of the party who is aggrieved by the judgment. " 'In order to give a right of appeal * * * it must appear that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from.' " Love (1969), 19 Ohio St.2d at 114, citing,Lawless v. Reagan, 128 Mass. 592, 593. The Love court found that the guardian of an insane person fails in every respect of meeting the test for standing as applied to a decree declaring the ward has been restored to sanity. Based on the facts of this appeal, the determination of whether appellant's substantial rights have been affected and whether she has standing to appeal uses essentially the same test.
Appellant has not alleged that any of her interests or personal rights were affected or prejudiced by the September 18th judgment. The judgment finding that appellant is not Albert's representative and that she is not entitled to bring his personal injury action does not adversely affect Albert in any way because he still has a guardian to protect his rights. Appellant's three assignments of error only concern the trial court's failure to vacate the default judgment for lack of personal jurisdiction over her; they have nothing to do with Albert. Albert, through his Ohio guardian, prevailed against the tortfeasors at trial; therefore, none of his interests were adversely affected by the outcome of the proceedings. Where the ward's interests are not adversely affected by the judgment, the guardian has neither a personal interest in the outcome nor a substantial right which was affected, the judgment is not a final appealable order. Likewise, where the guardian has no personal interest in the outcome of the appeal, she does not have standing to appeal. The judgment in favor of Albert does not affect any substantial right belonging to appellant, thus it is not a final order which she has standing to appeal.
Appellant also seeks to appeal the January 27, 1998 "Journal Entry" which denies her motion to vacate the default judgment. Appellant has no substantial right affected by the initial September 18th judgment; therefore, appellant has no substantial right which was affected by the trial court's refusal to vacate' that judgment. We find both that the September 18, 1996 judgment and the January 27, 1998 judgment are not final appealable orders pursuant to R.C. 2505.02 and that appellant lacks standing to appeal both judgments.
The last judgment from which the appeal is taken is the May 15, 1998 "Journal Entry" granting judgment in favor of Albert against Wilson and Hughes. This judgment is an order that affects a substantial right in the action that, in effect, determines the action in favor of Albert and prevents a judgment in favor of Wilson and Hughes; therefore, it is a final appealable order. However, as explained above, the May 15th judgment does not affect any of appellant's substantial rights; therefore, she has no standing to appeal to the jurisdiction of this Court. As such, we need not address appellant's second and third assignments of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
For the Court
 By: ___________________________ Roger L. Kline, Presiding Judge
 By: ___________________________ Peter B. Abele, Judge
 By: ___________________________ David T. Evans
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.