OPINION
{¶ 1} Appellant Jennie Hull appeals the decision of the Licking County Court of Common Pleas, Probate Division, which appointed Appellee Victoria Wellington the guardian of the person and estate of Bessie Santrucek, a ninety-six year-old incompetent adult. The relevant facts leading to this appeal are as follows.
 {¶ 2} Bessie Santrucek, the elderly mother of appellant and appellee, formerly resided in Clinton County, Michigan. Appellee Wellington periodically made trips from the Granville, Ohio area to Michigan to visit Bessie. During such visits in December 2005 and March 2006, appellee became concerned about Bessie's uncharacteristic behaviors, such as repeatedly asking identical questions and failing to orderly maintain her financial and tax paperwork. In mid-March 2006, appellee arranged to have Bessie reside at the Alterra Sterling House in Newark, an assisted-living facility.
 {¶ 3} In May 2006, appellee filed an application in the Licking County Court of Common Pleas, Probate Division, to be named as Bessie's guardian, pursuant to R.C. 2111.02. Appellant, a resident of Arizona, thereafter filed an eight-branch pre-trial motion, but did not herself apply to named Bessie's guardian.[1] On August 25, 2006, the trial court issued a judgment entry finding, inter alia, in response to appellant's motion, that it had jurisdiction and venue to hear the guardianship application, and that the case should not be removed to Michigan.
 {¶ 4} On October 9, 2006, following a final hearing, the trial court issued a judgment entry appointing appellee as the guardian of Bessie's person and estate. *Page 3 
 {¶ 5} On November 1, 2006, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT'S DECISION TO EXERCISE JURISDICTION OVER THE GUARDIANSHIP OF BESSIE SANTRUCEK WAS CONTRARY TO THE FACTS AND THE LAW.
 {¶ 7} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY PREVENTING JENNIE HULL FROM HAVING A FULL AND FAIR HEARING BY SHUTTING OUT AND FAILING TO CONSIDER EVIDENCE RELEVANT TO HER PRETRIAL MOTIONS."
 I., II. {¶ 8} In her First Assignment of Error, appellant challenges the trial court's exercise of jurisdiction over Bessie's guardianship. In her Second Assignment of Error, appellant contends the trial court abused its discretion in declining to hear certain evidence in ruling on her multi-branch pretrial motion.
 {¶ 9} As an initial matter, we address appellee's responsive argument that appellant lacks standing to appeal. In In the Matter of Hunt (Feb. 15, 1979), Franklin App. No. 78AP-568, the Tenth District Court of Appeals cited In Re Guardianship of Love (1969), 19 Ohio St. 2d 111 for the following "basic principles" of standing in a guardianship appeal: "(1) [T]here can be no conflict of interest between the ward and the guardian prospective or otherwise, (2) * * * guardianship proceedings are non-adversary in rem matters, only involving the Probate Court and the ward, and (3) the standard rule that to take an appeal a party must have a present interest in the subject matter at hand and be prejudiced in that interest by the decision under appeal." Id. *Page 4 
 {¶ 10} In In re Guardianship of Lee, Miami App. No. 02CA3, 2002-Ohio-6194, the Second District Court addressed an analogous situation. In that case, a ward's nephew, who had not filed an application for appointment, was found to lack standing on appeal to challenge the trial court's appointment of an attorney as guardian of his aunt's estate and person. The Court concluded: "[Nephew] Scott lacks standing to complain that the trial court erred or abused its discretion when it appointed [Attorney] Cromley. The only person who might complain is [ward] Dorothy Lee, but she has not. Scott would have standing to complain that the court erred when it failed to appoint him had he filed an application for appointment. He didn't, and he therefore suffered no consequences adverse to his interests in this action as a result of the court's appointment of Cromley. Consequently, there is no relief this court can offer Scott in this appeal." Id. at ¶ 8.
 {¶ 11} Furthermore, much of appellant's argument in the case sub judice consists of vicarious claims of violations of Bessie's rights, even though the trial court appointed for Bessie a guardian ad litem, who has not chosen to appeal the guardianship decision on behalf of the ward.[2] "It is a well established principle that no one can complain of error unless [he or she] is prejudiced thereby." In re Guardianshipof Bluthardt (Sept. 9, 1982), Belmont App. Nos. 81-B-28, 81-B-29, 81-B-30, 81-B-31, citing 5 Ohio Jurisprudence 3d 88, Appellate Review Section 535. Accordingly, we hold appellant is without standing to appeal under the circumstances of this case. We therefore lack jurisdiction to address Appellant's First and Second Assignments of Error. *Page 5 
 {¶ 12} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is hereby dismissed.
 By: Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 6 
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is dismissed.
Costs to appellant.
[1] Appellant has sought to be named Bessie's conservator in the Michigan courts.
[2] We also note that Bessie retained counsel in August, 2006.