[Cite as *In re J.L.*, 2019-Ohio-3098.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE: J.L., ET AL.

Minor Children

[Appeal by T.W., Mother]

No. 107652

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-16907729 and AD-16907730

---

*Appearances:*

Mark Stanton, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender; Michael B. Telep, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Willie Mitchell, Assistant Prosecuting Attorney; William Daugherty, Cheris Glinsey, Anna Markovich, and Melanie R. Gimaria, *for appellee.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Appellant-Mother, T.W. ("Mother"), appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, that placed her children, J.L. (d.o.b. Mar. 2, 2007) and L.B. (d.o.b. Feb. 3, 2011), in the permanent

custody of appellee, Cuyahoga County Division of Children and Family Services ("CCDCFS").  For the reasons set forth below, we affirm.

{¶ 2}  On May 12, 2016, CCDCFS filed a complaint and motion for predispositional temporary custody, alleging the minor children were neglected and dependent.  Following a hearing the same day, the court granted CCDCFS's motion for predispositional temporary custody.

{¶ 3}  In August 2016, the court held an adjudicatory hearing.  At the hearing, Mother, J.L.'s father, H.L. ("Father"), and L.B.'s father, R.B., all stipulated to an amended complaint.  The court accepted the parents' stipulations, found the children to be neglected and dependent, and committed them to the temporary custody of CCDCFS.

{¶ 4}  In December 2017, CCDCFS filed a motion to modify its temporary custody of the children to the permanent custody of C.G., the stepmother.  In May 2018, Mother filed a motion for legal custody to be granted to C.O., a maternal cousin.  In addition, J.L.'s Father filed a motion to be granted permanent custody of his child.

{¶ 5}  On June 6, 2018, the court held a dispositional hearing on CCDCFS's motion to modify temporary custody to permanent custody.  At the outset, the court noted that on May 31, 2018, J.L.'s father had filed a motion for continuance.  The following discussion took place:

> [MAGISTRATE]:  And, [Counsel], did you wish to be heard on the record in regard to your motion for continuance?

[TRIAL COUNSEL]: Your Honor, my client recently had double bypass surgery and is hospitalized.  I filed a motion for continuance and attached a letter from the rehab center that is in regards to his expected out — well, his expected — not out date, but his expected time of being able to leave the facility as well as have housing through our Home Choice Program.

I believe the biggest issue, one of the biggest issues for this case was dad's lack of housing and so hopefully that would be taken care of.  My client is unable to be heard in regards to the custody of his own son.  Thank you.

[MAGISTRATE]:   All right.  And this matter has been going on since I think it was originally filed May 12th, 2016, which would be over two years ago and the children are in need of some form of permanency and so therefore, I am going to deny the motion for continuance.

Father is being represented though by counsel and you certainly can present any evidence that you believe is in the father's best interest or could help him with his case on his behalf.

{¶ 6}    Following the foregoing discussion, the magistrate denied the motion to continue and proceeded with the dispositional hearing.   At the hearing, Mother's attorney orally withdrew the previously filed motion to grant legal custody of the children to C.O., the maternal cousin.   The magistrate issued a decision denying H.L.'s motion for legal custody and granting legal custody of the minor children to the stepmother C.G.

{¶ 7}    On June 18, 2018, Mother filed objections to the magistrate's decision, filed June 7, 2018, awarding legal custody to C.G.  In her objection, Mother argued that she supported legal custody to H.L., who could not be present at the hearing because of a recent heart attack, and therefore, the magistrate erred in denying his motion for continuance.  Mother asserted that because of the denial of

the motion to continue, H.L. was unable to participate in the hearing and was unable to testify on his behalf.

{¶ 8} In August 2018, the court adopted the magistrate's decision and issued a journal entry, with finding of facts, granting permanent custody of the minor children to C.G., the stepmother. In its journal entry, the court noted: "There has not been significant progress on the case plan by the mother and by the father and progress has not been made in alleviating the cause for the removal of the [children] from the home."

{¶ 9} Mother now appeals, assigning the following error for review:

**Assignment of Error**

The trial court abused its discretion when it overruled Mother's objection to the magistrate's decision denying Father's motion for a continuance due to his convalescence for recent heart surgery.

{¶ 10} In her sole assignment of error, Mother argues the trial court abused its discretion in denying Father's motion to continue the permanent custody evidentiary hearing.

{¶ 11} It is well established that a parent has a fundamental right to raise and care for his or her child. *In re L.M.*, 8th Dist. Cuyahoga No. 106072, 2018-Ohio-963, citing *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28; *In re K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, ¶ 40. We recognize that termination of parental rights is "the family law equivalent of the death penalty in a criminal case." *In re V.C.*, 8th Dist. Cuyahoga Nos. 102903, 103061, and 103367, 2015-Ohio-4991, citing *In re J.B.,* 8th Dist. Cuyahoga No. 98546, 2013-Ohio-1704,

¶ 66, quoting *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14.

{¶ 12} The right to parent one's children is a fundamental right protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. *In re B.W.*, 8th Dist. Cuyahoga No. 102475, 2015-Ohio-2768, ¶ 21, quoting *In re C.F.* at ¶ 28. A fundamental requirement of due process is the "opportunity to be heard" at a "meaningful time and in a meaningful manner." *In re B.W.* at ¶ 21, quoting *In re L.F.*, 9th Dist. Summit Nos. 27218 and 27228, 2014-Ohio-3800, ¶ 39.

{¶ 13} Within this assignment of error, Mother argues the denial of the Father's motion to continue prevented him from participating in the hearing.

{¶ 14} However, it is well settled that an appeal lies only on behalf of an aggrieved party. *In re Love*, 19 Ohio St.2d 111, 113, 249 N.E.2d 794 (1969). *See also In re D.H.*, 8th Dist. Cuyahoga No. 82533, 2003-Ohio-6478, ¶ 7. An appellant may not challenge an alleged error committed against a nonappealing party unless the appealing party can show prejudice from the alleged error. *In re M.M.*, 8th Dist. Cuyahoga No. 79947, 2002-Ohio-472 (mother questioning personal jurisdiction over father could not raise issue on appeal absent prejudice).

{¶ 15} Consequently, Mother may only challenge the denial of Father's motion for continuance if she can show that she has been prejudiced by the alleged error. Mother fails to make this showing. The record reveals that Mother was represented by counsel, was present for the hearing, and had the opportunity to fully

participate in the hearing. We note, at the hearing, Mother's attorney orally withdrew the previously filed motion to grant legal custody of the children to C.O., a maternal cousin.

{¶ 16} In addition, although Mother argues she was in support of Father's motion for legal custody of J.L., the court specifically found "that [J.L's] continued residence in or return to the home of [H.L.] will be contrary to [J.L.'s] best interest." As a result, Mother was not prejudiced by the denial of Father's motion to continue.

{¶ 17} Absent a demonstration of prejudice caused by the alleged error, Mother does not have standing to challenge the denial of Father's motion to continue. Because Mother does not have standing to challenge the denial of Father's motion to continue, we overrule the sole assignment of error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR