[Cite as *In re Guardianship of Montgomery*, 2021-Ohio-1546.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re Guardianship of Edward Montgomery

[Eric R. McLoughlin—Appellant]

Court of Appeals No. E-20-016

Trial Court No. 18-2-048

**DECISION AND JUDGMENT**

Decided: April 30, 2021

* * * * *

Eric R. McLoughlin, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Eric McLoughlin, appeals the June 29, 2020 judgment of the Erie County Court of Common Pleas, Probate Division, denying his motion for payment of attorney fees for his representation of Kevin Montgomery, guardian of the person of Edward Montgomery. Because we find that the court abused its discretion, we reverse.

**{¶ 2}** The facts relevant to our determination of this matter are as follows. On September 19, 2018, attorney Linda Van Tine filed an application and was named guardian of the estate of incompetent ward Edward Montgomery.[1] The ward was also represented by counsel.

**{¶ 3}** Following a psychological evaluation of the ward, it was determined that a guardianship of the person was necessary. On September 9, 2019, the ward's son, Kevin Montgomery, filed an application to be named as guardian of his person; the letters of guardianship were filed on October 2, 2019.

**{¶ 4}** According to appellant, and through the affidavit of Kevin filed with the probate court for purposes of appeal, the court, as a condition of appointing Kevin as guardian, required he pass a background check, hire counsel to represent him, and file an application for appointment. Kevin claimed that he and appellant telephoned the clerk who stated that because the judge was requiring him to hire an attorney, the fees would be paid from the guardianship estate.

**{¶ 5}** Thereafter, on November 14, 2019, appellant filed, and the court signed, a judgment entry drafted by appellant giving guardian Kevin the authority to "retain counsel and to enter into a fee agreement" with appellant. The entry stated:

> The Applicant is authorized to retain attorney Eric R. McLoughlin
>
> * * * to represent him in this matter and to execute the proposed fee

---

[1] Van Tine was also appointed guardian of the estate of Barbara Montgomery, Edward's wife.

2.

agreement and to bind the guardianship estate to the same. Notwithstanding the foregoing, no fees shall be paid to the Applicant's counsel from the guardianship estate without prior approval of the court.

{¶ 6} The fee agreement between appellant and Kevin was executed on December 5, 2019, and provided, in relevant part:

> In addition to our fees, you agree to pay, or reimburse us for, costs and expenses incurred by us in the course of performing services, including but not limited to, messenger and delivery charges, court costs, and filing fees.

> We anticipate that our costs and fees for this matter will be paid from your dad's guardianship estate with the prior approval of the court and we agree to file applications for attorney fees and costs to seek such approval prior to requesting that you pay any fees or costs with your own assets. However, notwithstanding the foregoing, by signing this agreement, you are agreeing to be personally responsible for our fees and costs if court approval for payment from your dad's assets cannot be obtained.

> * * *. If the court denies our fees based on its determination that the services we provide are not sufficiently related to your dad's guardianship for payment from his assets to be in his best interest, then we will submit the invoice for such services to you for payment from your assets and payment will be due within 30 days of your receipt of the invoice. We

3.

agree that we will not seek payment from you from your personal assets if the court were to deny the requested fees on the ground that the charges are not reasonable under the circumstances.

{¶ 7} On January 22, 2020, the guardian of the estate filed a motion to withdraw citing harassment by family members. Thereafter, on February 3, 2020, Kevin filed an application to be appointed guardian of the estate.

{¶ 8} On February 26, 2020, the judge presiding over the case recused herself citing a potential conflict of interest; on March 12, 2020, the Supreme Court of Ohio assigned the case to retired Judge Robert Pollex.

{¶ 9} On May 6, 2020, the guardian of the estate's motion to withdraw was denied. On May 19, 2020, notice was filed that Kevin had retained new counsel.

{¶ 10} Thereafter, on June 4, 2020, appellant filed an application for attorney fees and costs. He stated that the $15,203.50 plus the $150 filing fee were "necessary and beneficial to the guardianship." Appellant attached itemized statements of fees incurred from October 22, 2019 to January 17, 2020, and January 17 through May 9, 2020, when his representation of Kevin ended.

{¶ 11} The guardian of the estate opposed the motion arguing that the estate had insufficient funds to pay the attorney fees. The guardian noted that there had been four attorneys billing for fees incurred in the case. She stated that "[t]his attorney has not charged these cases for all the services rendered over these past years and has not been paid except after care needs and maintenance expenses are paid for the Wards and their

4.

income producing property." The guardian alternatively requested guidance from the court on how to pay the attorneys involved.

{¶ 12} On June 29, 2020, the court denied appellant's motion. The court first stated: "The court had not appointed Mr. McLoughlin nor authorized his representation of the Guardianship. Mr. Kevin Montgomery may retain his own attorney at his own expense but needs authority of Court for payment from Guardianship funds." The court then concluded appellant's representation of Kevin was neither beneficial to the guardianship nor a necessity. The court further found that the assets of the guardianship were insufficient to pay the over $15,000 requested.

{¶ 13} This appeal followed with appellant raising the following six assignments of error for our consideration:

Assignment of Error No.1: The probate court abused its discretion by denying my Application for Fees without holding a hearing to allow me to present evidence regarding the reasonableness of my fees and the reasons my services were beneficial to the guardianship.

Assignment of Error No. 2: The probate court abused its discretion by denying my Application for Fees based in its erroneous finding that it had not authorized my representation of Kevin in the guardianship.

Assignment of Error No. 3: The probate court abused its discretion by applying the three-part test that i[t] used to determine the allowance of attorney fees for attorneys who represent wards in guardianship termination

5.

proceedings without the or the court's authorization to do so to deny my

Application for Fees instead of applying the test in Prof. Cond. Rule1.5 to

determine the reasonableness of my attorney fees.

Assignment of Error No 4:  The probate court abused its discretion

by finding that none of my services were necessary or beneficial to the

guardianship.

Assignment of Error No. 5:  The probate court abused its discretion

by finding that the $150 of costs I advanced for the filing fee for Kevin's

application to be appointed as the guardian of Ed's estate were not

necessary or beneficial to the guardianship.

Assignment of Error No. 6:  The probate court abused its discretion

by finding that the assets of the guardianship estate are insufficient to pay

my attorney fees and costs because there are sufficient assets in the

guardianship estate to pay my fees and costs, and even if there weren't,

R.C. 2111.24 and 2117.25 set forth the procedure a guardian must follow

when the guardianship estate is insolvent.

{¶ 14} Appellant initially asserts his standing to pursue this appeal.  We note that

Loc.R. 40(G) of the Court of Common Pleas of Erie County, Probate Division provides:

"An application shall be filed for the allowance of counsel fees for services rendered to a

guardian, trustee, or other fiduciary.  The application may be filed by the fiduciary or

attorney."

6.

It is a fundamental rule that an appeal may generally be instituted only by "parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203. Because guardianship proceedings are not adversarial, but are in rem proceedings involving only the probate court and the ward, the requirements for standing to appeal are more elaborate. *See In re Guardianship of Love* (1969), 19 Ohio St.2d 111, 48 O.O.2d 107, 249 N.E.2d 794. To have standing in an appeal from a guardianship order, parties must either have an interest adverse to the ward's or have otherwise been aggrieved in some manner by the order. *Id.* at 115-116, 48 O.O.2d 107, 249 N.E.2d 794 (finding no standing for a guardian to appeal a determination that her ward had been restored to competency).

*In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5. Because appellant has an interest adverse to the ward, was aggrieved by the court's denial of his application, and no longer represents the guardian we find that he has standing to appeal.

{¶ 15} Further, as to the assignments of error raised below, we review the probate court's decision regarding attorney fees for an abuse of discretion. *In re Guardianship of Kufchak*, 126 Ohio App.3d 428, 430, 710 N.E.2d 748 (9th Dist.1998), citing *In re*

7.

*Guardianship of Rider*, 68 Ohio App.3d 709, 712, 589 N.E.2d 465 (6th Dist.1990). Accordingly, we will not reverse the trial court's judgment unless we find it arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Appellant's first assignment of error contends that the court erroneously denied his fee application without first conducting a hearing. In support, appellant relies on Supp.R. 71 and analogous Loc.R. 40 which provide that attorney fees be awarded only after a proper hearing (unless modified by a local rule.) Loc.R. 34 further provides:

> (B) Fees in excess of $200 shall be applied for by filing an Application for Counsel Fees with the Court, which shall set forth: (1) an itemized statement of services performed (and benefit derived if necessary); (2) dates of services, (3) time spent and (4) hourly rate charged therefor.

> A hearing on the application may be waived or scheduled, depending on the complexity of the issue involved and the fee requested.

{¶ 17} Appellant acknowledges that the rule provides that a hearing may be waived but claims that the guardianship was a complex proceeding necessitating a hearing. Appellant further contends that guardian and attorney for the estate's applications for fees were "rubber stamped" without any opportunity for objections.

{¶ 18} Reviewing the fees claimed by appellant and itemized in the billing statement attached to his application and the record in this case, including the late trial judge reassignment, we agree that the complexity of the guardianship of the person of

8.

Edward Montgomery required a hearing on the fee application. This is further demonstrated in the November 14, 2019 judgment entry of the prior trial judge "authorizing" Kevin to hire an attorney and "to bind the guardianship estate to the same." Accordingly, the trial court abused its discretion in denying the application without first conducting a hearing on the reasonableness of the fees requested and whether the services benefitted the guardianship. Appellant's first assignment of error is well-taken.

{¶ 19} Based on our disposition of appellant's first assignment of error, we find that the remaining assignments of error are moot and not well-taken.

{¶ 20} On consideration whereof, we reverse the June 29, 2020 judgment of the Erie County Court of Common Pleas, Probate Division, and remand the matter for a hearing on appellant's attorney fee application. Pursuant to App.R. 24, the costs of this appeal are assessed to appellee, the estate of Edward Montgomery.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                _____
                                                                         JUDGE

Christine E. Mayle, J.

                                                _____
Gene A. Zmuda, P.J.                                                   JUDGE
CONCUR.

                                                _____
                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.